## J. P. SMITH ET AL. v. J. W. WILSON ET AL.

### No. 4.

**Writ of Error Refused where Judgment Reversed.**—The law regulating writs of error permits the issuance of the writ by the Supreme Court " when the judgment of the Court of Civil Appeals reversing a judgment practically settles the case, and the fact is shown in the petition for writ of error." Act April 13, 1892. This rule does not authorize the writ where the action of the Court of Civil Appeals was upon the giving and the refusing of instructions, or on the exclusion of testimony, where it appears that the facts upon which the charges were based were controverted, or when the evidence rejected was corroborative, and not likely to control the disposition of the case upon another trial.

APPLICATION FOR WRIT OF ERROR to Court of Civil Appeals, Second District, in a case on appeal from the District Court of Tarrant County.

The nature and contents of the application are shown in the opinion.

*Potter, Potter & Giddings*, for the application.

STAYTON, CHIEF JUSTICE.—The judgment of the District Court in favor of Wilson and others was reversed and the cause remanded by the Court of Civil Appeals, and they make application for writ of error.

Writs of error on judgments reversing and remanding a cause can be granted only in the cases in which this is permitted by the statute.

The application before us does not present a case, under the law, in which such a writ may be granted; for it does not fall within either of the eight cases in which the statute permits the writ to issue.   Rev. Stats., art. 1011a, as amended by the Act of April 13, 1892, Gen. Laws, p. 20.

It may have been thought that this court could revise the judgment of the Court of Civil Appeals under the last paragraph of the statute above referred to, which permits the writ to issue, in a proper case, " when the judgment of the Court of Civil Appeals reversing a judgment practically settles the case, and this fact is shown in the petition for writ of error."

The judgment of reversal is not shown to be of that character.   The application is based on the ruling of the Court of Civil Appeals on the giving and refusing of instructions, and on the exclusion of evidence.

The facts on which the charges were based were controverted, and the charges not of that character to control the case in view of the complex issues involved.

The evidence rejected was simply corroborative of other evidence accessible, and not of that character to control the disposition of the case necessarily on another trial.

The purpose of the law in denying writs of error, except in the cases provided for, when a judgment is reversed and a cause remanded, is evident, and effect must be given to it.

If after the case has been affirmed by a Court of Civil Appeals a party be dissatisfied, he then can be heard in this court on any matter which in his opinion erroneously led to that result.

Because the application does not show a case in which a writ of error can be issued to bring up a judgment reversing a judgment and remanding a cause, it will be dismissed.

It is so ordered.

*Application dismissed.*

Delivered December 16, 1892.